FILED

12/10/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 20-0592

Pamela D. Bucy
Chief Disciplinary Counsel
P.O. Box 1099
Helena, MT 59624-1099
(406) 442-1648
pbucy@montanaodc.org

Office of Disciplinary Counsel

BEFORE THE COMMISSION ON PRACTICE OF THE

SUPREME COURT OF THE STATE OF MONTANA

* * * * * * * * * * * * *

| | |
|---|---|
| IN THE MATTER OF MATTHEW LOWY, | Supreme Court No. |
| An Attorney at Law, | ODC Files No. 18-079 and 19-149 |
| Respondent. | **COMPLAINT** |
| | **Rules 1.3, 1.4, 1.16(d), 3.2, and 8.1, MRPC** |

By leave of the Commission on Practice granted on October 15, 2020, the Office of Disciplinary Counsel for the State of Montana (ODC), hereby charges Matthew Lowy with professional misconduct as follows:

**General Allegations**

1.     Matthew Lowy, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 2005, at which time he took the oath required for admission, wherein he agreed to abide by the Rules of Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

2.     The Montana Supreme Court has approved and adopted the Montana

*Complaint* - Page 1

Rules of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

## Count One
### (ODC File No. 18-079)

3.     ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations as if fully restated in this Count One.

4.     Justin Palmer (Palmer) retained Respondent in December 2016 to pursue an action related to faulty repairs to Palmer's truck. On January 3, 2017, Respondent filed a Complaint on Palmer's behalf alleging breach of contract. *Justin Palmer v. K-O Auto Inc., Coulter Automotive Inc., Curt and Sandy Coulter,* Lake County District Court, Cause No. DV-2017-01.

5.     Discovery was ongoing throughout 2017 and on February 23, 2018 Respondent filed an Opposed Motion to Amend Complaint to include a count of fraud, to which Defendants responded on March 8, 2018. The case lingered without a ruling or any activity in the matter from March 2018 until June 28, 2019, when Respondent filed a Motion to Withdraw and Notice of Attorney's Lien.

6.     On July 8, 2019, the Court denied Respondent's February 2018 Motion to Amend the Complaint. The Court also held the June 2019 Motion to Withdraw in abeyance pending further information from Respondent explaining the circumstances precluding him from continuing representation of Palmer, which he would be allowed to file under seal. A second Scheduling Order was also entered on July 8, 2019. Respondent did not file a sealed motion or supporting documentation.

7.     Following the Court's July 8, 2019 Order, there were no filings in the case until March 2020, when Defendant's counsel filed a Motion to Dismiss for Failure to Prosecute. Respondent did not file a response brief. An Order for default

*Complaint - Page 2*

judgment was entered April 8, 2020, and a Notice of Entry of Order was filed April 27, 2020.

8. On May 14, 2020, Respondent filed a Motion to Set Aside Order of Dismissal. On June 29, 2020, Respondent filed multiple pleadings, including a Renewed Second Motion to File *Ex Parte* Motion to Withdraw and Motion to Seal, in which Respondent claimed he had previously submitted the Motion to File *Ex Parte* Motion to Withdraw Under Seal to the Clerk of Court on April 9, 2020.

9. By Order dated July 6, 2020, the Court denied Respondent's Motion to Set Aside the Order of Dismissal and granted his Motion to Withdraw due to "irreconcilable conflict" with Palmer. In denying the motion to set aside the default judgment, the Court specifically cited that neither Respondent nor Palmer had acted diligently following Defendant's Motion to Dismiss, and had "consistently failed to act with diligence throughout" the lawsuit, citing the lack of filings following the Court's July 2019 Order until Respondent's June 29, 2020 filings.

10. Respondent had no contact with Palmer between June 2019 and March 2020. Respondent had an obligation to communicate with his client and keep him reasonably informed about his case.

11. Respondent took no action on Palmer's behalf to either advance or protect his interests. Respondent had an obligation to protect Palmer's interests as it relates to representation.

12. Respondent's conduct, as described in this Count One, constitutes violations of Rule 1.4, communication.

13. Respondent's conduct, as described in this Count One, constitutes violations of Rules 1.3, diligence, and 3.2, expediting litigation.

## Count Two
### (ODC File No. 18-079)

14. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations and paragraphs 4 through 13 of Count One as if fully restated in this Count Two.

15. Respondent informed Palmer on February 28, 2018 that he was prohibited from continuing the representation. However, it was not until June 28, 2019 that Respondent filed a Motion to Withdraw as Counsel of Record, and he ultimately remained counsel of record until July 6, 2020.

16. When Respondent was unsuccessful in his attempts to find successive counsel for Palmer, he was obligated to either withdraw or continue the representation.

17. Respondent had an obligation to protect Palmer's interests as it relates to representation.

18. Respondent's conduct, as described in this Count Two, constitutes violations of Rule 1.16(d), declining or terminating representation.

## Count Three
### (ODC File No. 18-079)

19. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations and paragraphs 15 through 18 of Court Two, as if fully restated in this Count Three.

20. ODC received Respondent's response to Palmer's grievance on May 14, 2018. Respondent submitted a response on July 24, 2018, in which he advised he would be withdrawing from Palmer's Case. In September 2019, ODC contacted Respondent regarding the status of his representation and he again advised he was going to withdraw as counsel.

*Complaint* - Page 4

21. By email to Respondent on December 4, 2019, ODC again inquired as to the status of his representation and if he had filed a motion to withdraw. Respondent did not reply.

22. By email to Respondent on January 7, 2020, ODC again inquired as to his status, noted the lack of reply to its December 4, 2019 email, and demanded a response by January 8, 2019. Respondent did not reply.

23. Respondent had an obligation to respond to ODC's inquiries. Because of his failure to do so, ODC requested and an Order to Show Cause was issued with a virtual hearing scheduled for July 16, 2016.

24. It was not until the evening prior to the Show Cause hearing that Respondent provided a response to ODC's inquiries.

25. Respondent's conduct, as described in this Count Three, constitutes violations of Rule 8.1(b), MRPC.

**Count Four**
**(ODC File No. 19-149)**

26. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations as if fully restated in this Count Four.

27. Christopher Rodgers (Rodgers) had previously retained Respondent in a wrongful termination action that resulted in a financial settlement and securement of employment for Rodgers with the Mineral County Sheriff's Department (MCSO), effective August 24, 2016. Rodgers left his employment with MCSO on September 27, 2016, and again approached Respondent for representation for wrongful termination and a hostile work environment.

28. Respondent and his associate, Catherine Erickson, worked the case, and a complaint was filed on Rodgers' behalf on May 16, 2017, *Rodgers vs. Mineral*

*County Sheriff's Office, et al.*, Mineral County District Court Cause No. DV-17-018, which named only the Mineral County Defendants. Respondent filed an Amended Complaint on November 15, 2018, adding additional defendants and claims against them. Following motions by both the Defendants and Respondent, on June 10, 2019 the Court ordered a Second Amended Complaint be filed by Respondent within 30 days substituting Mineral County in place of Mineral County Sheriff's Office as a defendant and amending the caption accordingly. The Court dismissed two of the other individually named defendants. The Court also dismissed Rodgers' claim of "hostile work environment" as not being a claim on which he could recover.

29. Catherine Erickson left the firm on June 13, 2019, at which time the obligations of case progression and communication fell to Respondent.

30. Respondent did not advise Rodgers of Erickson's departure until July 9, 2019, which Respondent admitted was a "substandard" effort to provide adequate notice.

31. Respondent advised Rodgers on July 9, 2019 that he would enlist the services of "contract associate" Tracy Rhodes (Rhodes) to assist with his case and that he would "be in touch" with him. Neither Rhodes nor Respondent contacted him again until Rogers complained to Respondent on August 12, 2019 regarding the lack of communication. Rodgers worked with Rhodes from approximately September 5 to October 9, 2019.

32. Settlement discussions took place in September 2019, during which Rhodes encouraged Rodgers to consider settlement. Respondent also discussed the proposed settlement with Rodgers on October 9, 2019, at which time Respondent advised Rodgers to "take time to think about it" and advise them on how to proceed.

33. Rodgers emailed Rhodes and Respondent October 13, 2019 instructing

them to pursue settlement negotiations with Mineral County and move forward with discovery. Neither Rhodes nor Respondent replied to his email nor followed up with Rodgers until Rodgers emailed on January 6, 2020. In that email exchange, Respondent advised that Rodgers' October 13, 2019 email had gone to his junk mail folder.

34. Respondent had an obligation to consult with Rodgers and keep him reasonably informed regarding the status of his matter.

35. Respondent had an obligation to timely respond to Rodgers' email and instructions to pursue settlement.

36. Respondent's conduct, as described in this Count Four, constitutes violations of Rule 1.4, MRPC.

### Count Five
### (ODC File No. 19-149)

37. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations and paragraphs 27 through 36 of Count Four as if fully restated in this Count Five.

38. Respondent advised Rodgers by email on January 24, 2020 that the firm could no longer continue as counsel for Rodgers and would move to withdraw from his case "in the coming days."

39. By email on February 26, 2020, Rodgers requested a copy of his case file. Respondent did not reply and did not produce a copy of the file.

40. Rodgers notified Respondent on May 21, 2020 that he was terminating the representation. Respondent filed a Motion to Withdraw on May 28, 2020, which was granted by Order dated June 3, 2020. Respondent mailed Rodgers a copy of his file by certified mail, which Rodgers signed for on June 17, 2020.

41. The Complaint was filed May 16, 2017, with an Amended Complaint

filed in November 2018. On Defendant's motion, the Court ordered Respondent to file a Second Amended Complaint amending the caption to reflect the change in defense parties within 30 days of its June 10, 2019 Order. Respondent failed to do so, and there were no other filings in the matter until Respondent's Motion to Withdraw was filed May 28, 2020.

42. Between the filing of the Complaint in May 2017 and his Motion to Withdraw in late May 2020, Respondent filed few pleadings, failed to file the Second Amended Complaint as ordered by the Court, and conducted no discovery. Respondent failed to protect and pursue Rodgers' interests or to timely prosecute the case.

43. Respondent's failure to timely withdraw and provide Rodgers' file constitutes a violation of Rule 1.16(d), MRPC.

44. Respondent's failure to act with reasonable diligence and promptness constitutes a violation of Rule 1.3, MRPC.

45. Respondent's failure to expedite the litigation consistent with the interests of his client constitutes a violation of Rule 3.2, MRPC.

## Count Six
### (ODC File No. 19-149)

46. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations, and paragraph 38 through 46 of Count Five, as if fully restated in this Count Six.

47. By letter dated January 22, 2020, ODC requested Respondent respond to the grievance on or before February 12, 2020. Respondent requested and received an extension until February 21, 2020 in which to respond. Respondent did not provide a response.

*Complaint* - Page 8

48. On March 23, 2020, ODC sent a second request for a response to the grievance on or before April 2, 2020. It was sent both certified and regular mail, neither of which were returned to ODC. Respondent did not provide a response or further communicate with ODC.

49. Respondent had an obligation to respond to ODC's inquiries. Because of his failure to do so, ODC requested and an Order to Show Cause was issued with a virtual hearing scheduled for July 16, 2016.

50. It was not until the evening prior to the Show Cause hearing that Respondent provided a response to Rodger's grievance.

51. Respondent's conduct, as described in this Count Six, constitutes violations of Rule 8.1(b), MRPC.

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty (20) days after service thereof, to file a written answer to the complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action; and,

4. For such other and further relief as deemed necessary and proper.

///

///

*Complaint* - Page 9

DATED this 10th day of December, 2020.

OFFICE OF DISCIPLINARY COUNSEL

By: _____
Pamela D. Bucy
Chief Disciplinary Counsel